IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY SCOTT ADKINS, )<br>    Petitioner, ) | Case No. 7:23-cv-00653 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| CHADWICK DOTSON, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Jeffrey Scott Adkins, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Adkins claims that the Virginia Parole Board violated his right to due process during the course of considering his applications for parole. The petition is presently before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it plainly appears from the petition that Adkins is not entitled to habeas relief under § 2254, the court will dismiss the petition without prejudice.

State prisoners have "two main avenues to relief on complaints related to imprisonment": a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a complaint under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). The Supreme Court has pinpointed "the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis omitted). When a state prisoner's claims would not "necessarily spell speedier release," the claims do not lie "at 'the core of habeas corpus,'" and

may be brought, if at all, under § 1983. Id. at 82 (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

"It is well-established in the context of parole that '[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Burnette v. Fahey, 687 F.3d 171, 181 (4th Cir. 2012) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). Likewise, "the decision whether to grant parole is a discretionary one" under Virginia law. Id. Therefore, while "Virginia law gives rise to a limited interest in consideration for parole," a state prisoner "cannot claim entitlement [to] parole release." Id. (internal quotation marks and citation omitted).

Here, Adkins claims that the Virginia Parole Board improperly considered "acquitted convictions" and "false statements contained in his parole records" in denying him parole. Br. Supp. Pet., ECF No. 1-1, at 7. In the context of parole, the Supreme Court has held that "the procedures required are minimal." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). Nonetheless, even if Adkins could establish a violation of his right to due process, a decision in his favor "would at most result in a new parole hearing where the Board would retain its full discretion to deny parole." Brown v. Johnson, 169 F. App'x 155, 157 (4th Cir. 2006). Because Adkins's claims, even if successful, would not necessarily result in speedier release from prison, his claims do not lie at "the core of habeas corpus" and may be brought, if at all, in a § 1983 action. Preiser, 411 U.S. at 489; see also Wilkinson, 544 U.S. at 82.

For these reasons, Adkins's petition will be dismissed without prejudice. Additionally, because Adkins has not demonstrated that reasonable jurists would find the court's ruling

2

debatable or incorrect, a certificate of appealability will be denied. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). An appropriate order will be entered.

Entered: November 13, 2023

Michael F. Urbanski
Chief United States District Judge